United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CHRISTOPHER MAGDALAINE LIZETTE MEJIA, <br><br> Plaintiff, <br><br> VS. <br><br> THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, as Trustee for Residential Asset Security Corporation, Equity Home Equity Mortgage Asset-Backed through Certificate Series 2004-KS7, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 7:22-cv-00029 |

## **OPINION AND ORDER**

The Court now considers "Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2]

Plaintiff "Christopher MAGDALAINE LIZETTE MEJIA" commenced this case in state court on January 11, 2022, seeking to prevent a foreclosure.[3] Defendant removed the case to this Court on January 20th.[4] Plaintiff alleges that she resides in Hidalgo County, Texas.[5] Plaintiff is

---

[1] Dkt. No. 4.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-1.
[4] Dkt. No. 1.
[5] Dkt. No. 1-1 at 5, ¶ 3.

therefore a citizen of Texas.[6] Defendant explains that it is "the trustee of a trust."[7] The citizenship of a trust is ascertained by all of its shareholders,[8] generally the trustees.[9] Defendant is also a national banking association,[10] so its citizenship is ascertained by where its main office as set forth in its articles of association is located,[11] which is New York.[12] Defendant is therefore a citizen of New York. Because Plaintiff seeks injunctive relief to restrain a foreclosure,[13] the amount in controversy in this case is the value of Plaintiff's home,[14] which is appraised at $165,104.[15] The Court therefore agrees that it has federal diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Now turning to Defendant's unopposed motion to dismiss, Defendant seeks to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] Defendant points out that Plaintiff's only stated claim for relief is "for an injunction to stop foreclosure due to the alleged illness of her husband."[17] However, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. Injunctive relief is simply a form of equitable remedy."[18] Plaintiff

---

[6] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").
[7] Dkt. No. 1 at 3, ¶ 8.
[8] *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357–59 (5th Cir. 2017) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) & *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)).
[9] *See Navarro Sav. Ass'n*, 446 U.S. at 464–66 (1980).
[10] Dkt. No. 1 at 3, ¶ 8.
[11] *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (citing 28 U.S.C. § 1348) (holding that a national bank is a citizen of the state where its main office, as set out in its articles of association, is located).
[12] Dkt. No. 1 at 3, ¶ 8.
[13] *See* Dkt. No. 1-1 at 7–8.
[14] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam).
[15] Dkt. No. 1-1 at 31.
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] Dkt. No. 4 at 3 (citing Dkt. No. 1-1 at 6–8).
[18] *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 U.S. Dist. LEXIS 69239, at *13 (N.D. Tex. 2010) (first citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.), *overruled*

therefore has pled no viable cause of action.[19] Accordingly, the Court agrees that Plaintiff's claims are not meritorious and **GRANTS** Defendant's motion to dismiss.[20]

The Court notes that this case is substantially identical to a recently dismissed case, viz. *MacDonald v. The Bank of New York Mellon Trust Co.*, No. 7:21-cv-00494 (S.D. Tex. Feb. 1, 2022). This Court noted in *MacDonald* that numerous state court orders had granted the bank or mortgage servicer possession and forcible detainer over the same property at issue in this case, viz. 1610 East 21st Street, Mission, Texas 78572. Accordingly, Plaintiff's attempt to stop foreclosure in this case appears to be a bad faith attempt to preclude Defendant from exercising its repeatedly adjudicated legal right to foreclose the property. Plaintiff's claims are **DISMISSED WITH PREJUDICE** and neither Plaintiff nor anyone acting on her behalf should re-attempt the same or similar claims to stop foreclosure of the property. This case will terminate upon entry of final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of February 2022.

_____
Micaela Alvarez
United States District Judge

---

*on other grounds by Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 417 n.15 (Tex. 2015); and then citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).
[19] *See Eason v. Deutsche Bank Nat'l Tr. Co.*, No. 4:18-cv-00717, 2018 U.S. Dist. LEXIS 105500, at *8 (S.D. Tex. 2018) (Rosenthal, C.J.).
[20] Dkt. No. 4.